

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ezekiel Frederick,

                Plaintiff,

–v–

Capital One (USA) N.A.,

                Defendant.

14-CV-5460 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On October 20, 2015, Plaintiff, proceeding *pro se*, filed a motion pursuant to Federal Rule of Civil Procedure 20(a) to join ten "Defendants originally listed as John and Jane Doe Defendants" in his Second Amended Complaint. *See* Dkt. No. 120. Plaintiff's Second Amended Complaint already includes specific allegations against the John and Jane Doe Defendants referenced in Plaintiff's October 20, 2015 motion. *See* Sec. Am. Comp. at 3-8. As a result, it appears that Plaintiff seeks to amend his complaint pursuant to Rule 15 to substitute named individuals for the John and Jane Doe Defendants.[1] *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (amending complaint to substitute named individual for "John Doe" defendant is governed by Rule 15).

Leave to amend under Rule 15 "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend need not be granted when amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). At this stage, "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

---

[1] At the moment, Plaintiff does not know the names of these individuals, but instead requests discovery to determine their identities. *See* Dkt. No. 120. Because the Court finds that amendment would be futile even if Plaintiff possessed the relevant names, it need not address Plaintiff's request for discovery.

1

Here, Plaintiff seeks to amend the complaint to substitute named CEOs and attorneys for John and Jane Doe CEOs and attorneys. In its September 17, 2015 Memorandum and Order, the Court dismissed the claims against the CEOs and attorneys initially named in the Second Amended Complaint (David Ginzburg, Tina Vincelli, Ronald Greene, and Charlotte Zehnder) pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 102 at 10, 12, 22. The allegations against the remaining John and Jane Doe CEOs and attorneys in the Second Amended Complaint are identical to the claims already dismissed by the Court. *See* Sec. Am. Comp. at 17-19, 29, 41-43. For this reason, it would be futile to allow amendment of the complaint to substitute names for the John and Jane Doe Defendants because "the proposed new claim[s] cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim." *Milanese,* 244 F.3d at 110.

For these reasons, Plaintiff's motion is denied. This resolves Dkt. No. 120.

SO ORDERED.

Dated: October ___, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge