UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: DEC 08 2015

Ezekiel Frederick,

        Plaintiff,

–v–

Capital One (USA) N.A. et al.,

        Defendants.

14-CV-5460 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

On October 3, 2015, Defendants Anderson Financial Network, Inc., LLC ("AFNI") and Diversified Consultants, Inc. ("Diversified") moved to amend the Court's September 17, 2015 Memorandum and Order ("September 17 Order") pursuant to Federal Rule of Civil Procedure 59(e). *See* Dkt. No. 108. Defendants Midland Credit Management, Inc. ("Midland") and IC System Inc. ("ICS") joined in the motion. *See* Dkt. Nos. 114, 119. Subsequently, Plaintiff filed a number of motions requesting amendment and reconsideration of the Court's September 17 Order, as well as certification of the Court's order for interlocutory appeal. *See* Dkt. Nos. 117, 121, 137. The Court will address each motion in turn.

I.     **DEFENDANT'S MOTION TO AMEND**

Defendants request reconsideration on the ground that the New York Fair Debt Collection Practices Act ("NYFDCPA"), N.Y. Gen. Bus. Law § 601, does not afford a private right of action. *See* Dkt. No. 108. "Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Rule 6.3." *Sullivan v. City of New York*, No. 14-CV-1334 (JMF), 2015 WL 5025296, at *3 (S.D.N.Y. Aug. 25, 2015). "[T]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point

1

to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Defendants did not raise the instant argument in their initial motions to dismiss. However, Plaintiff, proceeding *pro se*, mistakenly referred to the "New York Consumer Collection Practices Act" instead of the "New York Fair Debt Collection Practices Act" in his Second Amended Complaint. *See* Sec. Am. Comp. at 47-48. While the Court liberally construed Plaintiff's pleadings as intending to invoke the NYFDCPA, *see* Dkt. No. 102 at 8 n.2, Defendants were not on sufficient notice of the NYFDCPA claims to raise the private right of action argument sooner. As Defendants point out, New York law is clear that the NYFDCPA does not afford a private right of action. *See Varela v. Inv'r Ins. Holding Corp.*, 81 N.Y.2d 958, 961 (1993). This "controlling decision[]," brought to the Court's attention at the earliest possible juncture, "alter[s] the conclusion" previously reached by the Court that the Plaintiff stated a plausible claim to relief under the NYFDCPA. *See Shrader,* 70 F.3d at 257. As a result, the Court will grant Defendants' motion for reconsideration and amend its September 17, 2015 Memorandum and Order to dismiss the Plaintiff's NYFDCPA claims against Defendants AFNI, Diversified, Midland, and ICS.

## II.   PLAINTIFF'S MOTION TO AMEND

In his motion to amend, Plaintiff argues that the Court misconstrued his "New York Consumer Collection Practices Act" claim as an NYFDCPA claims when he "intended to invoke . . . New York's Fair Credit Reporting Act (NY FCRA § 380), . . . [] Section 623(b), [] Section 623(e), and [] 12 CFR 1022, Subpart E." *See* Dkt. No. 137 at 1-2. As a result, he requests that the Court amend its September 17, 2015 Memorandum and Order to add these claims. *Id.*

2

While "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted), dismissal of pro se claims is nevertheless appropriate if the district court is unable "to determine . . . the true substance of the plaintiff's claims." *Owens v. McCall*, 5 F. App'x 15, 16 (2d Cir. 2001). Plaintiff argues that when he raised the "New York Consumer Collection Practices Act" in his pleading, he did not intend to invoke the New York Debt Collection Practices Act, but a variety of other statues. *See* Dkt. No. 137 at 1. There is no basis in Plaintiff's pleadings to suggest he intended to invoke any of the statutes he now recites. As a result, Plaintiff's motion to amend is denied.

### III.    PLAINTIFF'S MOTIONS FOR RECONSIDERATION

As noted above, the standard governing motions for reconsideration is strict and such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. A party moving for reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." *Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md.*, 768 F. Supp. 115, 116 (S.D.N.Y. 1991). "The purpose of [this] rule is to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988) (internal quotation marks omitted).

Plaintiff makes a number of arguments in his motions for reconsideration. Most prominently, Plaintiff argues that the Court failed to apply the correct legal standard to Plaintiff's discrimination claims. *See* Dkt. Nos. 117, 149. He also argues that the Court improperly

3

dismissed his FHA, FDCPA, FCRA, fraud, and section 487 claims. *See* Dkt. Nos. 117, 121. Finally, he argues that his claim against J. Brandon Black should not have been dismissed for failure to serve. *See* Dkt. No. 121.

In arguing that the Court misapplied the pleading standard for discrimination claims, Plaintiff frequently cites to *Boykin v. KeyCorp*, 521 F.3d 202 (2008) and other cases decided before *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) instead of the more recent *Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015) decision relied upon by the Court. For his arguments on his FHA, FDCPA, FCRA, fraud, and section 487 claims, Plaintiff fails to point to "controlling decisions or data that the court overlooked" with respect to any of these arguments. *Shrader*, 70 F.3d at 257. Instead, he either reiterates previous arguments or improperly attempts to "advance new facts, issues or arguments not previously presented to the Court." *Morse/Diesel, Inc.*, 768 F. Supp. at 116.

With regard to dismissal of the claim against J. Brandon Black, Plaintiff articulates arguments that should have been made in response to the Court's September 21, 2015 order to show cause as to why that claim should not be dismissed for failure to serve. *See* Dkt. No. 103. Plaintiff's response to that order detailed his efforts to serve Verizon and Equifax but not J. Brandon Black. *See* Dkt. No. 115. Plaintiff's arguments for reconsideration on this issue, as on the other issues, do not point to new information, but "advance new facts, issues or arguments not previously presented to the Court." *Morse/Diesel, Inc.*, 768 F. Supp. at 116.

For these reasons, Plaintiff fails to meet the strict standard for granting a motion for reconsideration and his motion is denied.

4

IV.     PLAINTIFF'S MOTIONS FOR INTERLOCUTORY APPEAL

Interlocutory appeal is appropriate if the district court identifies a "controlling question of law as to which there is substantial ground for difference of opinion" and "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[O]nly 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.' " *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

A substantial ground for difference of opinion "arise[s] out of a genuine doubt as to whether the . . . court applied the correct legal standard," such as if there is "conflicting authority" or if the issue is "particularly difficult and of first impression" in the jurisdiction. *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007) (internal quotation marks omitted); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 539-40 (S.D.N.Y. 2014). Plaintiff argues that interlocutory appeal is appropriate because his FHA claims raises a question of first impression. However, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996). Instead, "[i]t is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Id.* While Plaintiff's FHA argument may be a question of first impression, it is not a "particularly difficult" issue constituting "exceptional circumstances" for certification for interlocutory appeal. *See Consub*

5

*Del. LLC*, 476 F. Supp. 2d at 309; *Klinghoffer,* 921 F.2d at 25 (quoting *Coopers & Lybrand*, 437 U.S. at 475).  As a result, Plaintiff's request for certification for interlocutory appeal is denied.

V.  **CONCLUSION**

For the foregoing reasons, Defendants' motion to amend the judgment is GRANTED.  Plaintiff's motions are DENIED.  This resolves Dkt. Nos. 108, 109, 117, 121, and 137.

SO ORDERED.

Dated: December ___, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge