UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ezekiel Frederick,

Plaintiff,

—v—

Capital One Bank (USA), N.A. *et al.*,

Defendants.

14-CV-5460 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On March 24, 2017, *pro se* Plaintiff Ezekiel Frederick filed a document styled as a

"Motion for Miscellaneous Relief Pursuant to Rule 60(B)(2), (B)(3), B(6), D(1), and D(3) —

Fraud Upon Plaintiff and the Court." Dkt. No. 298 (the "March 24 Motion"). On March 28,

2017, United States Magistrate Judge Gabriel W. Gorenstein, to whom the Court has referred

this matter for general pretrial supervision, issued an Order, Dkt. No. 299 (the "March 28

Order"), terminating the March 24 Motion as premature because it appeared to raise dispositive

issues and its submission therefore violated multiple prior Orders of this Court directing that

"[a]ny motion raising dispositive issues shall be filed on the due date to be set by Magistrate

Judge Gorenstein for the filing of all dispositive motions and not before such deadline." *See,

e.g.*, Dkt. Nos. 191, 249 (internal quotation marks omitted). Several days later, on April 4, 2017,

Plaintiff filed a letter-motion addressed to the undersigned for review and vacatur of the

Magistrate Judge's March 28 Order, arguing that the Magistrate Judge lacked authority to issue

the March 28 Order and generally reasserting many of the same allegations set forth in Plaintiff's

original March 24 Motion. *See* Dkt. No. 300 (the "April 4 Motion"). For several reasons, the

Court will DENY Plaintiff's April 4 Motion.

1

The March 24 Motion is somewhat difficult to decipher, but its basic thrust appears to be that this Court's September 17, 2015 Memorandum and Order granting in part and denying in part Defendants' motions to dismiss should be vacated because, in seeking dismissal, Defendants and their attorneys purportedly advanced unsupportable legal arguments, made false factual representations to Plaintiff and the Court, and withheld evidence favorable to Plaintiff. Whether the Magistrate Judge's decision to terminate that Motion is reviewed *de novo* or under a clear error standard,[1] the Court sees no basis to disturb it.

First, to the extent that March 24 Motion seeks dispositive relief – and the Court notes that it repeatedly requests, among other things, that "judgment as a matter of law" be entered for Plaintiff, *see, e.g.*, March 24 Motion at 9, 37 – the Magistrate Judge was clearly correct in observing, as noted, that this Court has repeatedly directed that parties are not to file dispositive motions until the due date for such motions to be established by the Magistrate Judge. *See, e.g.*, Dkt. Nos. 191, 249.

Second, to the extent that the March 24 Motion seeks reconsideration of the Court's September 17, 2015 Memorandum & Order resolving Defendants' motions to dismiss, that application is properly subject to denial on procedural grounds because the Court has already resolved several motions requesting reconsideration or amendment of that very same Memorandum & Order. *See, e.g.*, Dkt. Nos. 117, 121, 153, 249. As Courts in this District have consistently recognized, "[a] litigant is entitled to a single motion for reconsideration." *Guang Ju Lin v. United States*, 13-cv-7498, 2015 WL 747115, at *2 (S.D.N.Y. Feb. 18, 2015); *see also Montanile v. Nat'l Broadcasting Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) ("A Court must narrowly construe and strictly apply Local Rule 6.3 [governing motions for reconsideration], so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment.").

---

[1] Generally, a magistrate judge's resolution of a delegable, non-dispositive pretrial motion may be reconsidered by a district court only if it is "clearly erroneous or contrary law," but its recommendations as to the disposition of all other motions are subject to *de novo* review to the extent that a party timely lodges specific written objections. 28 U.S.C. § 636(b)(1)(A)-(C).

Third, to the extent that Plaintiff invokes Federal Rule of Civil Procedure 60(b) to frame the March 24 Motion as one for relief from a final order based on newly discovered evidence and/or fraud on the Plaintiff, that application is untimely. Motions brought under Rules 60(b)(2) and (3) – covering new evidence and fraud, respectively – are subject to an "absolute" limitations period of "one year" after the entry of the relevant order. *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (internal quotation marks and citations omitted); Fed. R. Civ. P. 60(b)-(c). Because the March 24 Motion targets a Memorandum and Order that issued in September 2015, more than eighteen months before the Motion was filed, it must be denied.

The Court does recognize that the March 24 Motion references Rule 60(b)(6) in addition to Rules 60(b)(2) and (3). Applications under Rule 60(b)(6) – which covers "any other reason that justifies relief" – generally must only "be made within a reasonable time" and not necessarily within a strict one-year period following entry of the relevant order. Fed. R. Civ. P. 60(b)-(c). But "Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5)," and it "may not be used to circumvent the 1-year limitations period that governs" Rules 60(b)(1)-(3). *Warren*, 219 F.3d at 114 (internal citations omitted). Because Plaintiff articulates no discernible basis for the requested vacatur of the September 17, 2015 Memorandum & Order independent of fraud and – perhaps – purported new evidence, the more flexible limitations provision applicable to Rule 60(b)(6) motions does not apply here. *Cf. Stevens v. Miller*, 676 F.3d 62, 67-68 (2d Cir. 2012) (noting that the prospect that "parties may attempt to use Rule 60(b)(6) to circumvent the one-year time limitation in other subsections of Rule 60(b)" is of "particular concern" and, for that reason, "Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter") (internal quotation marks and citations omitted).

Finally, Plaintiff's attempt to invoke Rule 60(d)(3) is unavailing. Like Rule 60(b)(6), Rule 60(d)(3), which recognizes a court's power to "set aside a judgment for fraud on the court"

3

(as opposed to fraud on an adverse party), does "not have a specific limitations period." *Anderson v. City of New York*, 07-cv-9599, 2012 WL 4513410, at *5 (S.D.N.Y. Oct. 2, 2015). Still, courts in this District have cautioned that a "plaintiff cannot use Rule 60(d)(3) to avoid the one year limitation period applicable to Rule 60(b)(3) motions." *Id.* Even if Plaintiff's apparent Rule 60(d)(3) application were timely, moreover, the application would fail because it does not come close to satisfying the "stringent and narrow" substantive requirements for relief under that Rule. *Id.* at *4. "Fraud upon the court . . . is limited to fraud which seriously affects the integrity of the normal process of adjudication." *King v. First American Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002) (internal quotation marks, brackets, and citations omitted). It "should embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases," and it "must be established by clear and convincing evidence." *Id.* (internal quotation marks and citations omitted). As best as the Court can determine, Plaintiff predominantly alleges in support of his fraud-on-the-court claim that Defendants adopted legal positions in their motion to dismiss papers – for example, that Plaintiff's Second Amended Complaint failed to state claims on which relief could be granted – that lacked legal support or were at odds with documentary evidence incorporated by reference into Plaintiff's pleading. *See, e.g.*, March 24 Motion at 9-21. At bottom, however, those allegations do "no more than complain that the defendants disputed [Plaintiff's] version of the law and facts," – a "type of dispute" that is "exactly what is expected in the normal adversary process." *King*, 287 F.3d at 95-96. Accordingly, they are "insufficient to state a claim for fraud on the court." *Id.*[2]

---

[2] The March 24 Motion also appears to seek, if only in passing, leave to join Defendants' attorneys and their law firms as additional Defendants in this matter. March 24 Motion at 2 & n.2. The application is premised solely on defense counsel's role in purportedly defrauding the Court in connection with moving to dismiss the Second Amended Complaint in 2015. Because the Court concludes that Plaintiff falls well short of successfully invoking the fraud-on-the-court doctrine, any such joinder would be futile. Moreover, Plaintiff fails to provide any cogent explanation for waiting more than a year and a half – through the substantial close of discovery and to the brink of potential summary judgment motion practice – to seek to join these additional parties. Accordingly,

For the foregoing reasons, Plaintiff's April 4 Motion for review and vacatur of the Magistrate Judge's March 28 Order is DENIED.

This resolves Dkt. No. 304.

SO ORDERED.

Dated: June ___19___, 2017
New York, New York

_____
ALISON J. NATHAN
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____JUN 1 9 2017____

---

Plaintiff's joinder application is DENIED. *See, e.g.*, *Agerbrink v. Model Service LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016) (motion for joinder may be denied for "undue delay, bad faith, prejudice, or futility").